IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK STAAKE,

     Plaintiff,

v.                                                                                               Civ. No. 24-1246-KG-KK

ALISHA TAFOYA LUCERO, *et al*,

     Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Amended Prisoner Civil Complaint.   (Doc. 4) (Amended Complaint).   Also before the Court are his Motions to Proceed *In Forma* Pauperis; to Appoint Counsel; and for Entry of Default.   (Docs. 19, 20, 27).   Plaintiff was previously incarcerated and is proceeding *pro se*.   He alleges, inter alia, that prison officials miscalculated his state sentence in violation of an order/amended judgment.   (Doc. 4) at 7.   This allegedly caused Plaintiff to serve additional time in state prison beyond the expiration of his criminal sentence.   *Id.*

The Amended Complaint seeks damages under 42 U.S.C. § 1983 for violating the U.S. Constitution, including the Eighth Amendment and the Due Process Clause.   The Amended Complaint names the following Defendants: (1) Alisha Tafoya Lucero; (2) Warden Vincent Horton; (3) Warden Mark Bowen; (4) Warden Jessica Vigil Richards; (5) the New Mexico Corrections Department (NMCD); and (6) the State of New Mexico (State).   (Doc. 4) at 1-3.   Accepting the allegations as true, the Court finds the Amended Complaint is not subject to summary dismissal under 28 U.S.C. § 1915A.   Tafoya Lucero, Warden Horton, Warden Bowen, and NMCD (together, the "Counseled Defendants") filed an answer on March 20, 2026 through Ortiz and Zamora, Attorneys at Law.   (Doc. 26).   The Court will refer this matter to the assigned Magistrate Judge to conduct a *Martinez* investigation, if appropriate.   *See Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th

Cir. 1991) (A *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at ferreting out the "factual or legal bases for [*pro se*] claims").

The remaining Defendants (Warden Vigil Richards and the State) have not filed an answer. The Amended Complaint survives initial review as to Warden Vigil Richards for the reasons above. The Amended Complaint does not provide an address for service on that Defendant. If the Ortiz and Zamora Law Firm also plans to represent Warden Vigil Richards, the attorney should enter his or her appearance and file a supplemental answer within thirty (30) days of entry of this Order. Otherwise, the Court may require Plaintiff to provide an address for service.

As to the State, Section 1983 relief is not available. It is well settled that "a State is not a person within the meaning of [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). To the extent the Amended Complaint also generally alleges the State violated the laws of New Mexico, this is not enough to raise any additional claims against that Defendant. (Doc. 4) at 1, 10; *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions"). The claims against the State will therefore be dismissed.

Plaintiff also filed procedural motions to proceed *in forma pauperis*; to appoint counsel; and for an entry of default against certain Defendants. The Court will grant the Motion to Proceed *In Forma Pauperis* (Doc. 19), in part. Plaintiff has already paid the filing fee in connection with his first *in forma pauperis* motion, but he may take advantage of other benefits of the *in forma pauperis* statute, 28 U.S.C. § 1915, such as assistance with service. To the extent Plaintiff seeks an entry of default against any Defendant, the request is denied. Most Defendants have filed an answer, and in any event, parties are not required to respond in a prisoner action unless and until the Court orders

2

the response.   *See* 42 U.S.C. § 1997e (g)(1)-(2) (noting "[a]ny defendant may waive the right to reply to any action brought by a prisoner[,]" absent a court order).   Finally, the Court finds there are no grounds to grant the Motion to Appoint Counsel at this time.   The claims are relatively straightforward, and Plaintiff appears capable of prosecuting this case.   *See Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016) (when considering motions to appoint counsel, relevant factors include "the merits of the claims, the nature of the claims, plaintiff's ability to present the claims, and the complexity of the issues").

IT IS ORDERED:

1.   Within thirty (30) days of entry of this Order, Ortiz and Zamora Law Firm shall enter an appearance for Warden Vigil Richards, if the firm intends to represent that party.

2.   All claims in the Amended Complaint (Doc. 4) against the State of New Mexico are dismissed without prejudice.

3.   Plaintiff's second Motion to Proceed *In Forma Pauperis* (Doc. 19) is granted, in part, as set forth above.

4.   Plaintiff's Motion to Appoint Counsel (Doc. 20) and Request for Entry of Default (Doc. 27) are denied without prejudice.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.   Electronically filed documents can be found on the Court's PACER public access system.